IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ARTHUR RINER and JUNE RINER,

    Plaintiffs,

v.

RETAINED SUBSIDIARY ONE, LLC, and BOTTLING GROUP, LLC,

    Defendants.

Civil Action No. 7:14-CV-176 (HL)

ORDER

This case is before the Court on Plaintiffs' Motion to Remand. (Doc. 14). Plaintiff moves the Court to remand the case back to Lowndes County Superior Court based on the contention that the Court lacks subject matter jurisdiction over Plaintiffs' claims because Defendants have not proven by a preponderance of the evidence that the amount in controversy exceeds the $75,000 statutory requirement. Upon review, the Court finds that Defendants have satisfied their burden of proof and denies Plaintiffs' motion for the following reasons.

I.    BACKGROUND

Plaintiffs Arthur Riner ("Riner") and his wife June Riner filed suit against J.H. Harvey Co., LLC and Pepsico, Inc. on September 24, 2014 in the Superior Court of Lowndes County. Riner alleges that on or about October 1, 2013, while shopping at the Harvey's Supermarket in Valdosta, Georgia, a water bottle

display fell from a shelf on top of a freezer and onto him. (Doc. 1-1, ¶¶ 7-8). As a result, Riner suffered serious, unspecified bodily injury and incurred an unquantified about of medical expenses. (Doc. 1-1, ¶¶ 8, 13). Riner experienced and continues to experience severe pain. (Doc. 1-1, ¶ 14). Riner's wife additionally claims loss of the consortium of her husband. (Doc. 1-1, ¶ 16).

J.H. Harvey Co., LLC and Pepisico, Inc. filed a timely Notice of Removal on October 30, 2014. Following their Rule 26(f) conference, the parties consented to the substitution of Bottling Group, LLC and Retained Subsidiary One, LLC, as the proper Defendants. The Court granted the consent motion to substitute the parties on November 26, 2014. (Doc. 12).

Plaintiffs now move the Court to remand the case to state court and request attorney's fees for the filing of their motion. The parties do not dispute that they are of diverse citizenship. Rather, Plaintiffs claim that Defendants have not met their burden of showing that the amount in controversy exceeds $75,000.

## II.   DISCUSSION

### A.   Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." If removal is based on the initial pleading, as is this case, the removing party must file the notice of

removal within thirty (30) days of service of the initial pleading. 28 U.S.C. § 1441(b)(1). The party seeking to remove a case bears the burden of proving the existence of federal jurisdiction at the time of filing the notice of removal. See Williams v. Best Buy Co., 262 F.3d 1316, 1319-20 (11th Cir. 2001). Removal statutes are strictly construed since "removal jurisdiction raises significant federalism concerns." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405 (11th Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)). "[A]ll uncertainties as to removal jurisdiction are to be resolved in favor of remand." Arrington v. Wal-Mart Stores, Inc., 2014 U.S. Dist. LEXIS 20962, at *2 (M.D. Ga. Feb. 20, 2014) (citing Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001). However, "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010) (quoting Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 186 (1907)). Otherwise, a "diverse plaintiff could defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim. That would subject the defendant's right to remove to the caprice of the plaintiff, which the Supreme Court has said in another context that we should not

do." Id. (citing St. Paul Mercury Idem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938)).

Diversity jurisdiction exists where the opposing parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000*)). "The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. . . . The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." Pretka, 608 F.3d at 754. If removability is not readily apparent from the face of the complaint, the defendant may satisfy its burden through the production of additional evidence demonstrating that removal is proper. Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). A defendant may introduce, and the court may consider, affidavits, declarations, or other documentation to satisfy the preponderance of the evidence standard. Pretka, 608 F.3d at 755; see also Williams, 269 F.3d at 1319 ("a district court may properly consider post-

4

removal evidence in determining whether the jurisdiction amount was satisfied at the time of removal").

A federal court cannot speculate as to the amount in controversy. Pretka, 608 F.3d at 753 (quoting Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007) ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking at the stars."). "A different question is presented, however, when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. That kind of reasoning is not akin to conjecture, speculation, or star gazing." Id. at 754. Eleventh Circuit precedent permits reasonable extrapolations, and a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." Id. at 770. Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. Roe, 613 F.3d at 1062.

### B. Amount in Controversy

Plaintiffs Complaint embodies the notion of notice pleadings, setting forth only the names and jurisdictional information for the parties, the time and place

5

the injury-producing event allegedly occurred, and the point of law under which Plaintiffs seek to recover. (Doc. 1-1). Plaintiff alleges that he suffered "excruciating pain" from his "serious bodily injury," that he continues to experience severe pain, and that he "has incurred medical expenses for the treatment of his injuries." (Doc. 1-1, ¶¶ 13-14). Plaintiff's wife further alleges that she lost the consortium of her husband with no further detail. (Doc. 1-1, ¶ 16). Entirely absent from the Complaint is any mention of the nature of the injuries sustained by Plaintiff, the costs incurred for the treatment of those injuries, and the amount Plaintiff desires as compensation for his continuing pain and suffering. Plaintiffs seek only "judgment against Defendants in an amount to be determined by the enlightened conscious of an impartial jury." (Doc. 1-1, p. 6).

Because the amount in controversy is not apparent from the face of Plaintiffs' Complaint, the Court next must look to Defendants' Notice of Removal. Prior to removal, Defendant had in hand no written demand, medical bills, or other evidence of the Plaintiff's course of treatment. (Doc. 21, p. 20-21). As a result, the Notice of Removal offers no guidance to the Court, providing nothing more than a general statement that the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1, ¶ 3). Plaintiffs argue that the Court's analysis must stop here, and that the case should be remanded since the Complaint "is silent as to the amount of damages and lacks specificity as to any injuries, merely alleging 'serious bodily injury.'" (Doc. 14-1, p. 4). Plaintiffs'

6

assertion is mistaken and ignores clear Eleventh Circuit precedent that permits the Court's examination of any extrinsic evidence produced by Defendants to evaluate the amount in controversy and to prevent rewarding the obfuscating tactics employed by the Plaintiffs to avoid federal jurisdiction. See Pretka, 608 F.3d at 766; see also Roe, 613 F.3d at 1064.

Plaintiff's medical records, which Defendants attached to their response to Plaintiffs' Motion to Remand, and which Plaintiff did not make available until after called upon for their initial disclosures, illustrate that at the time of removal, Plaintiff had incurred approximately $52,875.88 in medical expenses, which includes a $32,412.00 expense for surgery Plaintiff underwent on or about August 4, 2014, a little less than a year after Plaintiff's alleged injury. The assessment notes from Plaintiff's visit to Brooks County Hospital on October 2, 2010, a day after the accident, describe in more detail the nature of Plaintiff's injures: "at Harvey's in Valdosta, leaned over to pick up food product out of freezer and pallet of water fell off top of freezer and fell on patient in bending position, knocking him in freezer and knocked out a few teeth, and pt states he loss [sic] conscious [sic], neck, back pain, shoulder pain." (Doc. 21, p. 72, 90). Plaintiff additionally has reported to his treating physicians that he is experiencing headaches, balance problems, dizziness, and leg and shoulder pain. (Doc. 21, p. 105, 107-09, 127, 137). He claims that his pain, described as a "10" on a scale of 1 to 10, prevents him from sleeping, reading, driving, concentrating,

performing work, performing recreational activities, and caring for himself. (Doc. 21, p. 105, 107-09).

The Court further gleans from Plaintiff's medical records that immediately following the accident Plaintiff underwent a conservative course of treatment. He attended physical therapy for an extended period of time prior to receiving a surgical recommendation. Absent from the collection of records, however, are any surgical notes or any reference to any post-operative treatment or additional physical therapy. However, in their initial disclosures, Plaintiffs make clear that while Plaintiffs did not itemize special damages in their Complaint, those damages are continuing to accrue. (Doc. 21, p. 30). This statement illustrates to the Court that Plaintiff's treatment is ongoing and that additional treatment and/or surgery is not only possible but probable. (Doc. 21, p. 20, ¶ 11; p. 30).

While not facially apparent from the Complaint, the Court finds that based on the additional evidence produced by Defendants in defense of the motion to remand and on the Court's own knowledge and experience that Defendants have established the jurisdictional amount by a preponderance of the evidence. Plaintiffs request past and future medical expenses, which include the $52,875.88 in known medical bills accumulated in the course of less than a year from the date of the alleged injury, as well as compensation for ongoing pain and suffering and loss of consortium. The Court can deduce from these factors without resorting to speculation that Plaintiff will require long-term, costly medical

expenses, including future surgeries, to treat his ongoing conditions and residual complaints of pain. Therefore, the Court concludes that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

### C.     Attorney's Fees

Plaintiffs' seek an award of attorney's fees in compensation for filing their Motion to Remand in response to what Plaintiffs describe as Defendants' "groundless" Notice of Removal. The Court has determined that the removal was not baseless and that Defendants have proffered sufficient evidence to meet their burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirements. Plaintiffs' motion for attorney's fees accordingly is denied.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (Doc. 14) is denied. The parties shall proceed with discovery.

**SO ORDERED**, this 3rd day of February, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks